1 | Joseph F. Jennings (SBN 145,920)
joe.jennings@knobbe.com
2 | Matthew S. Bellinger (SBN 222,228)
matt.bellinger@knobbe.com
3 | Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
4 | Nicole R. Townes (SBN 272,342)
Nicole.townes@knobbe.com
5 | **KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
6 | Irvine, CA 92614
Telephone: (949) 760-0404
7 | Facsimile: (949) 760-9502

8 | Attorneys for Plaintiff
CHUBBY GORILLA, INC.

9

10

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUBBY GORILLA, INC., a California corporation, | Case No. 8:22-cv-00446-FMO-DFM |
| Plaintiff, | |
| v. | **FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT. FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION** |
| HILLS POINT INDUSTRIES, LLC, doing business as GORILLA GRIP, a Connecticut limited liability company, | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

Plaintiff Chubby Gorilla, Inc. ("Chubby Gorilla") hereby complains of Hills Point Industries, LLC doing business as Gorilla Grip ("Gorilla Grip") and alleges as follows:

## JURISDICTION AND VENUE

1.      This is an action for (1) trademark infringement and false designation of origin under 15 U.S.C. § 1125(a); (2) trademark infringement under 15 U.S.C. § 1114; (3) unfair competition arising under California Business & Professions Code §§ 17200, *et seq*.; and (4) California common-law unfair competition.

2.      The Court has original subject matter jurisdiction over the claims that relate to trademark infringement and false designation of origin, pursuant to 15 U.S.C. §§ 1116 and/or 1121(a), and pursuant to 28 U.S.C. §§ 1331 and 1338, as these claims arise under the laws of the United States.   The Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.      This Court has personal jurisdiction over Gorilla Grip because Gorilla Grip has a continuous, systematic, and substantial presence within this Judicial District and within California.   Gorilla Grip sells, advertises, markets and promotes its goods and services in California, including in this Judicial District, and ships products offered in connection with the infringing marks to California, including to this Judicial District.   Gorilla Grip markets and advertises its products and services online in connection with the infringing marks through the https://gorillagrip.com and https://gorillacommerce.com URLs, which are available and accessible in California.   Upon information and belief, Gorilla Grip ships products and offers services throughout the USA,

-1-

including to California and this Judicial District.  In addition, by committing acts of trademark infringement and false designation of origin in this Judicial District, including, but not limited to, by using infringing marks in connection with the advertisement, marketing, promotion and rendering of goods and services to customers in this Judicial District, Gorilla Grip's acts form a substantial part of the events or omissions giving rise to Chubby Gorilla's claims.

4.    Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) at least because Gorilla Grip is subject to personal jurisdiction within the Judicial District and a substantial portion of the events complained of herein took place in this Judicial District.

## THE PARTIES

5.    Chubby Gorilla is a corporation organized and existing under the laws of the State of California, having its principal place of business at 4320 N. Harbor Blvd., Fullerton, California 92835.

6.    Chubby Gorilla is informed and believes, and thereon alleges, that Defendant Hills Point Industries, LLC doing business as Gorilla Grip is a limited liability company organized and existing under the laws of the State of Connecticut, having its principal place of business at 2 Grouse Path, Westport, Connecticut 06880.

## GENERAL ALLEGATIONS

7.    Chubby Gorilla is one of the nation's leading suppliers of bottles and containers. To date, Chubby Gorilla has sold more than a billion units of its bottles and containers in connection with its CHUBBY GORILLA®, GORILLA®, ®, and ®.

8.    Since at least as early as January 2015, Chubby Gorilla has been selling its products in connection with the CHUBBY GORILLA®,

GORILLA®, , and  ® trademarks (collectively, the "CHUBBY GORILLA Marks").   Examples of Chubby Gorilla's use of its CHUBBY GORILLA Marks in connection with containers and bottles are shown below:



| **Bottom View** | **Side View** |
| --- | --- |

  

9.    Chubby Gorilla also owns a number of U.S. trademark registrations for its CHUBBY GORILLA Marks.

10.    Chubby Gorilla is the owner of U.S. Trademark Registration No. 4,949,119 ("the '119 Registration"), which was registered with the United States Patent & Trademark Office ("USPTO") on May 3, 2016 on the Principal Register for the mark CHUBBY GORILLA® in connection with "[r]eusable glass bottles, sold empty, not for medical use, not for drinking purposes; reusable plastic bottles, sold empty, not for medical use, not for drinking purposes." A true and correct copy of the certificate of registration for the '119 Registration is attached hereto as **Exhibit 1**.

11.    Chubby Gorilla is the owner of U.S. Trademark Registration No. 5,053,505 ("the '505 Registration"), which was registered with the USPTO on October 4, 2016 on the Principal Register for the mark CHUBBY GORILLA® in connection with "[r]eusable glass bottles, sold empty, not for medical use, not for drinking purposes; reusable plastic bottles, sold empty, not for medical use, not for drinking purposes." A true and correct copy of the certificate of registration for the '505 Registration is attached hereto as **Exhibit 2**.

12.    Chubby Gorilla is the owner of U.S. Trademark Registration No. 5,223,288 ("the '288 Registration"), which was registered with the USPTO on June 13, 2017 on the Principal Register for the mark CHUBBY GORILLA® in connection with "[r]eusable glass dropper bottles for administering medication sold empty; reusable plastic dropper bottles for administering medication sold empty" and "[r]eusable glass containers and vials for medication sold empty for personal use; reusable plastic containers and vials for medication sold empty for personal use."  A true and correct copy of the certificate of registration for the '288 Registration is attached hereto as **Exhibit 3**.

13.    Chubby Gorilla is the owner of U.S. Trademark Registration No. 5,209,538 ("the '538 Registration"), which was registered with the USPTO on

-4-

May 23, 2017 on the Principal Register for the mark GORILLA® in connection with "[r]eusable glass dropper bottles for administering medication sold empty; reusable plastic dropper bottles for administering medication sold empty," "[r]eusable glass bottles sold empty; reusable plastic bottles sold empty; reusable glass containers and vials for medication sold empty for personal use; reusable plastic containers and vials for medication sold empty for personal use" and "[e]lectronic cigarette drip tips sold as a component of electronic cigarettes." A true and correct copy of the certificate of registration for the '538 Registration is attached hereto as **Exhibit 4**.

14.   Chubby Gorilla is the owner of U.S. Trademark Registration No. 6,098,811 ("the '811 Registration"), which was registered with the USPTO on July 14, 2020 on the Principal Register for the mark CHUBBY GORILLA® in connection with "[d]ropper bottles, containers and vials, sold empty, for administering medication," "[p]ackaging containers of plastic; containers for transport, not of metal; plastic storage containers for industrial or commercial use; containers for transportation; not of metal; nonmetal and non-paper containers for transportation or storage; containers for industrial and commercial use not made of metal; nonmetal containers for use in the transport of solids, lotions or powders for commercial or industrial use; non-metallic closures for containers; packing containers of plastic material; plastic caps; non-metallic bottle caps; containers for medications sold empty for commercial use; plastic medication containers for commercial use; container closures of plastic; containers for industrial and commercial liquids not made of metal; non-modular containers, not of metal, for use in transportation and storage for commercial or industrial use; plastic medication containers for commercial use; containers for medications sold empty for commercial use; bottle closures, not of metal," "[c]ontainers for household or kitchen use; all purpose portable household containers; medication containers for personal use; lotion containers

sold empty for domestic use; bottles sold empty not for medical use; bottles sold empty for medical and pharmaceutical use; bottles for pharmaceuticals sold empty; vials for medications sold empty; plastic storage containers for household use; plastic storage containers for domestic use; plastic safety caps for medicine containers; vials for medical use sold empty; reusable bottles, containers and vials sold empty not for medical use; reusable plastic bottles, containers and vials sold empty not for medical use; reusable bottles, containers and vials for medication sold empty; reusable bottles, containers and vials sold empty for personal use; reusable bottles, containers and vials sold empty for household use; reusable bottles, containers and vials sold empty for domestic use; containers for household use; bottles, sold empty; and vials being medication containers for personal use sold empty; non-modular containers for use in transportation and storage for household use," and "[c]ustom molding of plastic containers for others; custom manufacture of closures of plastic and plastic bottles, sold empty, for others; custom manufacture of bottles."  A true and correct copy of the certificate of registration for the '811 Registration is attached hereto as **Exhibit 5**.

15.   Chubby Gorilla is the owner of U.S. Trademark Registration No. 5,221,844 ("the '844 Registration"), which was registered  with the USPTO on June 13, 2017 on the Principal Register for the  ® mark in connection with "[r]eusable glass dropper bottles for administering medication sold empty; reusable plastic dropper bottles for administering medication sold empty," "[r]eusable glass containers and vials for medication sold empty for personal use; reusable plastic containers and vials for medication sold empty for personal use" and "[e]lectronic cigarette drip tips sold as a component of electronic cigarettes."  A true and correct copy of the certificate of registration for the '844 Registration is attached hereto as **Exhibit 6**.

16.     Chubby Gorilla is the owner of U.S. Trademark Registration No. 5,137,172 ("the '172 Registration"), which was registered with the USPTO on February 7, 2017 on the Principal Register for the ![mark] ® mark in connection with "[r]eusable glass bottles, sold empty, not for medical use, not for drinking purposes; reusable plastic bottles, sold empty, not for medical use, not for drinking purposes."  A true and correct copy of the certificate of registration for the '172 Registration is attached hereto as **Exhibit 7**.

17.     None of the Chubby Gorilla Marks have been abandoned, canceled, or revoked. Each of the Chubby Gorilla Marks constitutes an enforceable trademark that uniquely identifies products as emanating from, sponsored by, and/or authorized by Chubby Gorilla.

18.     The products sold by Chubby Gorilla under each of the Chubby Gorilla Marks have been widely advertised, promoted, and distributed to the purchasing public throughout the United States and over 100 countries worldwide.  Chubby Gorilla extensively advertises and promotes its products sold under each of the Chubby Gorilla Marks through social media influencers, print and digital trade publications such as *Vapor Voice* and *Packaging Buyer's Guide*, and presentations and sponsorships at tradeshows.

19.     As a result of Chubby Gorilla's substantial use and promotion of its CHUBBY GORILLA Marks, the marks have acquired great value as specific identifiers of Chubby Gorilla's products and serve to identify and distinguish Chubby Gorilla's products from those of others.  Customers in this Judicial District and elsewhere readily recognize Chubby Gorilla's CHUBBY GORILLA Marks as distinctive designations of the origin of Chubby Gorilla's CHUBBY GORILLA brand of products and promotional items.  The CHUBBY GORILLA Marks are intellectual property assets of enormous value as symbols of Chubby Gorilla and its quality products, reputation, and goodwill.

20.     Long after Chubby Gorilla started using its CHUBBY GORILLA Marks in connection with bottles and containers, Gorilla Grip began using its GORILLA GRIP, GORILLA COMMERCE, and Gorilla design marks in connection with containers and bowls among other products, as for example shown below:







21.     Gorilla Grip also recently launched its https://gorillacommerce.co website through which it sells, advertises, and promotes products in connection with the GORILLA COMMERCE mark, including, but not limited to, bottles, containers, and bowls.

22.     On November 7, 2018, Gorilla Grip filed U.S. Trademark Application No. 88/184,698 for the GORILLA GRIP mark for "spice jars sold empty; organizers for use with food storage containers, namely, spice jars."  On

December 23, 2019, Chubby Gorilla filed Opposition No. 91253105 with the Trademark Trial and Appeal Board ("TTAB") against this application, and this opposition is still pending.

23.     On February 28, 2020, Gorilla Grip filed U.S. Trademark Application No. 88/815,304 for the GORILLA GRIP mark for "lunch bags not of paper; travel mugs."   On December 23, 2019, Chubby Gorilla filed Opposition No. 91253105 with the TTAB against this application, and this opposition is still pending.

24.     On November 21, 2019, Gorilla Grip filed U.S. Trademark Application No. 88/701,306 for the GORILLA GRIP mark for "pet feeding and drinking bowls; pet feeding bowls and dishes." On December 18, 2020, Chubby Gorilla filed Opposition No. 91266658 with the TTAB against this application, and this opposition is still pending.

25.     On May 28, 2019, Gorilla Grip filed U.S. Trademark Application No. 88/449,165 for the GORILLA GRIP mark for "glass bottles with liquid atomizer, sold empty; decorative amber glass bottles, sold empty; perfume bottles, sold empty; decorative glass bottles, sold empty; water bottles, sold empty."  On January 16, 2020, Chubby Gorilla filed Opposition No. 91253653 with the TTAB against this application, and this opposition is still pending.

26.     On April 29, 2019, Gorilla Grip filed U.S. Trademark Application No. 88/406,724 for the GORILLA GRIP mark for "on-line retail department store services."  On January 16, 2020, Chubby Gorilla filed Opposition No. 91253653 with the TTAB against this application, and this opposition is still pending.

27.     On April 29, 2019, Gorilla Grip filed U.S. Trademark Application No. 88/406,769 for the  mark for "on-line retail department store services."  On January 16, 2020, Chubby Gorilla filed Opposition No. 91253653 with the TTAB against this application, and this opposition is still pending.

28.     On March 18, 2019, Gorilla Grip filed U.S. Trademark Application No. 88344162 for the GORILLA GRIP mark for "plastic storage containers for household use."   On March 18, 2020, Chubby Gorilla filed Opposition No. 91254743 with the TTAB against this application, and this opposition is still pending.

29.     On September 11, 2019, Gorilla Grip filed U.S. Trademark Application No. 88/612,360 for the GORILLA GRIP mark for "[f]ood storage containers with removable lids; food storage containers made of glass; food storage containers made of plastic; food storage containers that form a vacuum seal to keep food fresh; food storage containers that releasably lock a lid to the container."   On March 18, 2020, Chubby Gorilla filed Opposition No. 91254743 with the TTAB against this application, and this opposition is still pending.

30.     On December 11, 2019, Gorilla Grip filed U.S. Trademark Application No. 88/723,372 for the GORILLA COMMERCE mark for "business consulting services for brands and retailers; advertising, marketing, and promotion of the brands of others; guidance being consultancy in the field of promoting and tracking the brands of others; optimizing an online presence on the Internet for the brands of others being online marketing consulting services, web site traffic optimization, search optimization for sales promotion; promoting the brands and goods of other through optimizing the presence of the brands and goods of others at retailers; business logistics management in the field of on-line retail services in the field of consumer goods; business services, namely, strategic product sourcing for others; business consulting services in the field of strategic product sourcing for others; on-line retail store services featuring a wide variety of consumer goods of others; on-line retail department store services" and "product development."   On December 13, 2021, Chubby Gorilla filed Opposition No. 91273419 with the TTAB against this application, and this opposition is still pending.

31.     On October 14, 2020, Gorilla Grip filed U.S. Trademark Application No. 90/253,785 for the GORILLA GRIP mark for "door bells, of metal, non-electric; pet door bells made of metal, non-electric," "kitchen shears; nail clipper for pets, electric; meat tenderizer, namely, a kitchen mallet," "wrist rest for use with computers; scale for kitchen use; cooking thermometers," "desk pad; paint brush sets; plastic bags for disposing of pet waste," "pet accessories, namely, canvas, vinyl and leather pouches for holding disposable bags to place pet waste in; pet collars," "pet beds, , namely, beds for household pets, pet crate pads not of paper and specially adapted to fit pet crates;  door bells, not of metal, non-electric; pet door bells, not of metal, non-electric; drawer organizers for silverware," "basting brush; bench scraper; pet feeding and watering bowls; collapsible pet bowls; travel pet bowls; slow feeding pet bowls; ice cube tray; potato masher; baking mat; utensil rest for use in kitchen; household containers for holding and organizing for bathroom toiletries, namely, toothbrushes, razors, lotions; funnels for kitchen use; collapsible funnels for kitchen use; dish drying racks; toilet bowl brush; toilet bowl plunger; holder for toilet bowl cleaning items, namely, toilet plungers and brushes; non-electric tortilla press; fruit and herb muddler; pot holders; portable dispensers not of metal for pet waste bags," and "diaper changing pad not of paper; curtains; bed pillow covers and protectors; textile placemats; reusable housebreaking pads of fabric for pets."  Chubby Gorilla has extended the time to oppose this application.

32.     On December 10, 2020, Gorilla Grip filed U.S. Trademark Application No. 90/372,983 for the GORILLA GRIP mark for "pet diapers," "pet claw care accessories, namely, Electric animal nail grinders, nail clippers for household pets; pet grooming scissors," "lifejackets for pets," "Pet beds and furniture, namely, for dogs and cats, namely, pet beds for therapeutic use; pet bed mats, namely, therapeutic pet beds; pet combs, namely, lice combs for pets;

pet recovery cones and collars, namely, elizabethan collars for veterinary purposes; nursing supplies for pets, namely, feeding droppers for nutritional liquids, sold empty, and nipples for baby bottles," "Water fountains, namely, water fountains for pets," "bicycle carriers for transporting pets, namely, Bicycle-mounted pet seat; bicycle trailers for transporting pets; car seat belts for pets; pet barriers for use in cars; car booster seats for pets; pet harnesses for use in vehicles; Pet strollers; pet ramps specially adapted for use with vehicles," "pet housebreaking training pads, namely, disposable housebreaking pads for pets," "pet leash and harness accessories, namely, Pet tags specially adapted for attaching to pet leashes or collars; pet leashes; pet harnesses; backpacks for pets, namely, backpacks for carrying pets and backpacks for use by pets; paw protectors for pets, namely, booties; Pet clothing, namely, cold weather sweater and jackets for pets and raincoats for pets; purses for transporting pets; slings for transporting pets; Pet tags specially adapted for attaching to pet leashes or collars; pet muzzles," "dog house, namely, Modular non-metal dog houses; pet doors namely, Nonmetal pet doors," "Pet beds and furniture, namely, for dogs and cats, namely, Beds for household pets; pet bed mats, namely, resting and sleeping mats and cushions for household pets; cat beds; cat activity trees; cat houses and condos; pet scratchers; pet scratching pads; pet scratching posts; pet window perch; pet carriers, namely, household pet transport boxes; Non-metal portable stairs for pets; kennels for household pets; pet leash and harness accessories, namely, Non-metal pet tags; hard-sided pet carriers, namely, Portable kennels; soft-sided pet carriers, namely, Portable kennels; non-metal pet ID and collar tags; pet collar accessories, namely, non-metal fitted silencers for pet tags; pet muzzles; pet crates; covers for pet kennels; outdoor pens for pet use," "automatic pet feeders; household pet food storage containers; Pet water fountains being dishes; pet grooming brush; pet combs, namely, Deshedding combs for pets and dematting combs for pets; pet hair removal mitts and rollers;

-13-

pet deshedding tools, namely, Deshedding brushes and combs for pets; pet litter box enclosures; pet litter boxes; pet litter box liners; disposable pet litter boxes; self-cleaning pet litter boxes; pet litter mats; pet litter scoops; pet litter waste receptacle refills; pet litter waste receptacles; pet litter replacement filters; water bottles with bowl attachment meant for pet use, namely, Plastic water bottles sold empty; pet toothbrushes; pet pooper scoopers and bags; portable dog waste bag dispenser for attaching to pet leashes and collars; pet food storage containers for domestic and household use," "pet hammocks, namely for dogs and cat," "Bed liners for pet beds, namely, Fitted bed sheets for pets; pet housebreaking training pads, namely, Reusable house training pads of fabric for pets," "pet feeding mats," and "cat toys; dog toys."  On March 1, 2022, Chubby Gorilla filed Opposition No. 91274777 with the TTAB against this application, and this opposition is still pending.

33.    Gorilla Grip's trademark applications identified in Paragraphs 22-32 (collectively, "Applications") above were filed based on an intent-to-use the marks in interstate commerce in connection with the identified goods and services.

34.    Upon information and belief, Gorilla Grip has recently begun using its GORILLA GRIP, GORILLA COMMERCE, and Gorilla design marks in connection with some of the products and services identified in its Applications, including food storage containers, storage containers, lunch bags, water bottles, pet bowls, and online retail store services.

35.    Gorilla Grip was aware of Chubby Gorilla's CHUBBY GORILLA Marks at least as early as December 2019 when Chubby Gorilla filed its first opposition against one of Gorilla Grip's trademark applications.  Despite being aware of Chubby Gorilla's trademark rights, Chubby Gorilla has continued to use its infringing GORILLA GRIP, GORILLA COMMERCE, and Gorilla design marks in connection with food storage containers, storage containers,

1    lunch bags, water bottles, pet bowls, and online retail store services.

2        36.    Without permission or consent from Chubby Gorilla, Gorilla Grip

3    has infringed Chubby Gorilla's CHUBBY GORILLA Marks in interstate

4    commerce by advertising, marketing, promoting, selling and/or offering to sell

5    food storage containers, storage containers, lunch bags, water bottles, pet bowls,

6    and online retail store services under the GORILLA GRIP, GORILLA

7    COMMERCE, and Gorilla design marks.

8        37.    Chubby Gorilla is informed and believes, and based thereon alleges

9    that Gorilla Grip's actions alleged herein are intended to cause confusion,

10    mistake, or deception as to the source of Gorilla Grip's products and are

11    intended to cause consumers and potential consumers to believe that Gorilla

12    Grip's products and services are associated with, sponsored by, originate from,

13    or are approved by Chubby Gorilla, when they are not.

14        38.    By virtue of the acts complained of herein, Gorilla Grip has created

15    a likelihood of injury to Chubby Gorilla's business reputation and goodwill,

16    caused a likelihood of confusion, mistake, and deception as to the source of,

17    origin or relationship of Gorilla Grip's products and services with Chubby

18    Gorilla, and has otherwise unfairly competed with Chubby Gorilla by

19    unlawfully trading on and using marks confusingly similar to Chubby Gorilla's

20    CHUBBY GORILLA Marks, without Chubby Gorilla's permission or consent.

21        39.    Chubby Gorilla is informed and believes, and based thereon alleges

22    that Gorilla Grip's acts complained of herein are willful and deliberate.

23        40.    Gorilla Grip's acts complained of herein have damaged Chubby

24    Gorilla in an amount to be determined at trial, and such damages will continue

25    to increase unless Gorilla Grip is enjoined from its wrongful acts and

26    infringement.

27        41.    Gorilla Grip's acts complained of herein have caused Chubby

28    Gorilla to suffer irreparable injury to its business.  Chubby Gorilla will suffer

1 | substantial loss of goodwill and reputation unless and until Gorilla Grip is
2 | preliminarily and permanently enjoined from the wrongful acts complained of
3 | herein.

**<u>FIRST CLAIM FOR RELIEF</u>**

(Trademark Infringement)

(15 U.S.C. § 1114)

42.    Chubby Gorilla repeats and re-alleges the allegations of paragraphs 1-41 of this Complaint as if set forth fully herein.

43.    This is a claim for trademark infringement against Gorilla Grip under 15 U.S.C. § 1114.

44.    Chubby Gorilla owns valid and enforceable federally registered trademarks for the CHUBBY GORILLA Marks, specifically, U.S. Trademark Registration Nos. 5,053,505, 5,223,288, 5,209,538, 6,098,811, 5,221,844, and 5,137,172.

45.    Gorilla Grip has used in commerce, without permission from Chubby Gorilla, confusingly similar marks to Chubby Gorilla's CHUBBY GORILLA Marks, which are the subject of U.S. Trademark Registration Nos. 5,053,505, 5,223,288, 5,209,538, 6,098,811, 5,221,844, and 5,137,172, in connection with the advertising, marketing, promotion, sale, and/or offer for sale of Gorilla Grip's containers, bowl products, lunch bags, water bottles, and online retail store services.  Such use is likely to cause confusion or mistake, or to deceive.

46.    Chubby Gorilla is informed and believes and thereon alleges that Gorilla Grip acted with the intent to trade upon Chubby Gorilla's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Gorilla Grip's products and services are associated with, sponsored by, originate from, or are approved by, Chubby Gorilla, when they are not.

-16-

47. Gorilla Grip's activities complained of herein constitute willful and intentional infringement of Chubby Gorilla's registered trademarks.

48. Chubby Gorilla is informed and believes, and based thereon alleges that Gorilla Grip had actual knowledge of Chubby Gorilla's ownership and prior use of the CHUBBY GORILLA Marks, and that Gorilla Grip has willfully infringed Chubby Gorilla's trademark rights under 15 U.S.C. § 1114.

49. Gorilla Grip, by its actions, has damaged Chubby Gorilla in an amount to be determined at trial.

50. Gorilla Grip, by its actions, has irreparably injured Chubby Gorilla. Such irreparable injury will continue unless Gorilla Grip is preliminarily and permanently enjoined by this Court from further violating Chubby Gorilla's rights, for which Chubby Gorilla has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

(Trademark Infringement and False Designation of Origin)

(15 U.S.C. § 1125(a))

51. Chubby Gorilla repeats and re-alleges the allegations of paragraphs 1-50 of this Complaint as if set forth fully herein.

52. This is a claim for trademark infringement and false designation of origin against Gorilla Grip under 15 U.S.C. § 1125(a).

53. As a result of Chubby Gorilla's widespread use and promotion of the CHUBBY GORILLA Marks, the marks have acquired strong secondary meaning to consumers and potential consumers, in that consumers and potential consumers have come to associate the marks with Chubby Gorilla. Chubby Gorilla's CHUBBY GORILLA Marks are also inherently distinctive.

54. Gorilla Grip has infringed the CHUBBY GORILLA Marks and created a false designation of origin by using in commerce, without Chubby Gorilla's permission, confusingly similar marks in connection with the advertising, marketing, promotion, sale, and/or offer for sale of Gorilla Grip's

containers, bowl products, lunch bags, water bottles, and online retail store services.

55.   Gorilla Grip's actions are likely to cause confusion and mistake, or to deceive as to the affiliation, connection, or association of Gorilla Grip with Chubby Gorilla, and/or as to the origin, sponsorship, or approval of Gorilla Grip's products and services or commercial activities, in violation of 15 U.S.C. § 1125(a).

56.   Chubby Gorilla is informed and believes, and based thereon alleges that Gorilla Grip has done so with the intent to trade upon Chubby Gorilla's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Gorilla Grip's products and services are associated with, sponsored by, or approved by Chubby Gorilla, when they are not.

57.   Chubby Gorilla is informed and believes, and based thereon alleges that Gorilla Grip had actual knowledge of Chubby Gorilla's ownership and prior use of the CHUBBY GORILLA Marks and, without Chubby Gorilla's consent, willfully violated 15 U.S.C. § 1125(a).

58.   Gorilla Grip, by its actions, has irreparably injured Chubby Gorilla. Such irreparable injury will continue unless Gorilla Grip is preliminarily and permanently enjoined by this Court from further violating Chubby Gorilla's rights, for which Chubby Gorilla has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**

(Unfair Competition under California Business & Professions Code §§ 17200 *et seq.*)

59.   Chubby Gorilla repeats and re-alleges the allegations of paragraphs 1-58 of this Complaint as if set forth fully herein.

60.   This is a claim against Gorilla Grip for unfair competition under California Business & Professions Code §§ 17200, *et seq.*

61.     Gorilla Grip's acts complained of herein constitute trademark infringement, unfair competition, and unlawful, unfair, or malicious business practices, which have injured and damaged Chubby Gorilla.

62.     Gorilla Grip, by its actions, has irreparably injured Chubby Gorilla. Such irreparable injury will continue unless Gorilla Grip is preliminarily and permanently enjoined by this Court from further violating Chubby Gorilla's rights, for which Chubby Gorilla has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

(California Common Law Unfair Competition)

63.     Chubby Gorilla repeats and re-alleges the allegations of paragraphs 1-62 of this Complaint as if set forth fully herein.

64.     This is a claim against Gorilla Grip for unfair competition under the common law of the State of California.

65.     Gorilla Grip's acts complained of herein constitute trademark infringement and unfair competition under the common law of the State of California.

66.     By virtue of the acts complained of herein, Gorilla Grip has willfully and intentionally caused a likelihood of confusion among the purchasing public in this Judicial District and elsewhere, thereby unfairly competing with Chubby Gorilla in violation of the common law of the State of California.

67.     Gorilla Grip's aforementioned acts have damaged Chubby Gorilla in an amount to be determined at trial.

68.     Gorilla Grip has irreparably injured Chubby Gorilla.   Such irreparable injury will continue unless Gorilla Grip is preliminarily and permanently enjoined by this Court from further violating Chubby Gorilla's rights, for which Chubby Gorilla has no adequate remedy at law.

69.     Gorilla Grip's willful acts of unfair competition under California common law constitute fraud, oppression, and malice.  Accordingly, Chubby Gorilla is entitled to exemplary damages pursuant to Cal. Civ. Code Section 3294(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Chubby Gorilla prays for judgment in its favor against Gorilla Grip for the following relief:

A.     That judgment be entered in favor of Chubby Gorilla and against Gorilla Grip on all claims for relief alleged herein;

B.     That judgment be entered that Gorilla Grip has willfully violated the provisions of 15 U.S.C. § 1114 by infringing Chubby Gorilla's trademark rights in at least the marks that are the subject of Chubby Gorilla's U.S. Trademark Registration Nos. 5,053,505, 5,223,288, 5,209,538, 6,098,811, 5,221,844, and 5,137,172;

C.     That judgment be entered that Gorilla Grip has violated the provisions of 15 U.S.C. § 1125(a) by willfully infringing the CHUBBY GORILLA Marks by using a false designation of origin, through the marketing, sale, and promotion of Gorilla Grip's containers, bowl products, lunch bags, water bottles, and online retail store services;

D.     That judgment be entered that Gorilla Grip has violated California Business and Professions Code §§ 17200, *et seq*. by committing trademark infringement and unfairly competing with Chubby Gorilla;

E.     That judgment be entered that Gorilla Grip has violated California common law by unfairly competing with Chubby Gorilla;

F.     That Gorilla Grip, its agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with Gorilla Grip be enjoined from:

i.  Using the GORILLA GRIP, GORILLA COMMERCE, and Gorilla design mark, or any other mark that is confusingly similar to the CHUBBY GORILLA Marks in connection with the advertisement, marketing, promotion, sale, or offer for sale of Gorilla Grip's containers, bowl products, lunch bags, pet bowls, and online retail store services;

ii.  Using the GORILLA GRIP, GORILLA COMMERCE, and Gorilla design mark, or any other mark that is confusingly similar to the CHUBBY GORILLA Marks in any manner that is likely to create the impression that Gorilla Grip's products and services originate from Chubby Gorilla, are endorsed by Chubby Gorilla, or are connected in any way with Chubby Gorilla;

iii.  Filing any applications for registration of the GORILLA GRIP and GORILLA COMMERCE marks, any trademarks including "GORILLA," any Gorilla design mark, or any other mark that is confusingly similar to the CHUBBY GORILLA Marks in connection with containers, bowl products, lunch bags, water bottles, and online retail store services;

iv.  Falsely designating the origin of Gorilla Grip's products or services;

v.  Unfairly competing with Chubby Gorilla in any manner whatsoever; and

vi.  Causing a likelihood of confusion or injury to Chubby Gorilla's business reputation;

G.  That Gorilla Grip be directed to file with this Court and serve on Chubby Gorilla within thirty (30) days after the service of the injunction, a

-21-

report, in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction pursuant to 15 U.S.C. § 1116;

H.     That Gorilla Grip be required to account to Chubby Gorilla for any and all profits derived by Gorilla Grip and all damages sustained by Chubby Gorilla by virtue of Gorilla Grip's acts complained of herein;

I.      That Gorilla Grip be ordered to pay Chubby Gorilla all damages which Chubby Gorilla has sustained as a consequence of the acts complained of herein, subject to proof at trial, together with prejudgment and post-judgment interest;

J.     That this case be deemed exceptional and the amount of damages be trebled and that the amount of profits be increased by as many times as the Court deems appropriate, pursuant to 15 U.S.C. § 1117;

K.     That Chubby Gorilla be awarded exemplary damages from Gorilla Grip pursuant to Cal. Civ. Code § 3294;

L.     That Gorilla Grip's actions be deemed willful;

M.     That an award of reasonable costs, expenses, and attorneys' fees be awarded to Chubby Gorilla pursuant to at least 15 U.S.C. § 1117;

N.     That Chubby Gorilla be awarded restitution and disgorgement; and

O.     That Chubby Gorilla be awarded such other and further relief as this Court may deem just.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  May 6, 2022          By: */s/ Matthew S. Bellinger*
Joseph F. Jennings
Matthew S. Bellinger
Ali S. Razai
Nicole R. Townes

Attorneys for Plaintiff CHUBBY GORILLA, INC.

1

## **DEMAND FOR JURY TRIAL**

2         Plaintiff Chubby Gorilla, Inc. hereby demands a trial by jury on all issues

3   so triable.

4                            Respectfully submitted,

5                            KNOBBE, MARTENS, OLSON & BEAR, LLP

6

7   Dated:  May 6, 2022         By: */s/ Matthew S. Bellinger*

8                                  Joseph F. Jennings
                               Matthew S. Bellinger

9                                  Ali S. Razai
                               Nicole R. Townes

10

11                      Attorneys for Plaintiff CHUBBY GORILLA, INC.

  55559576

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28